Kenneth S. MacNeill *vs.* Charles W. Gallagher, Exr.

PROVIDENCE—NOVEMBER 14, 1902.

Present : Stiness, C. J., Tillinghast and Rogers, JJ.

(1)    *Probate Law and Practice. Actions against Executors and Administrators. Statute of Limitations.*

Gen. Laws cap. 234, § 8, providing that "If any person for or against whom any action shall accrue shall die before the time limited for bringing the same, or within sixty days after the expiration of said time, and the cause of such action shall survive, such action may be commenced by or against the executor or administrator of the deceased person at any time within one year after the decease of the person so dying, and not afterwards if barred by the provisions of this chapter," is an exception to the general statute of limitations ; and also, by special reference, to Gen. Laws cap. 218, § 8, prohibiting the bringing of an action against an executor or administrator within six months from the date of the first notice of appointment ; and also to Gen. Laws cap. 215, §§ 2, 3, and 4, "Of presentation and proof of claims against the estates of deceased persons."

Assumpsit. Heard on demurrer to replication, and demurrer sustained.

Stiness, C. J. The plaintiff sues to recover a sum alleged to be due to him under a contract between him and the defendant's testatrix for the building of two houses in 1895.

The declaration and account filed show that the money was due in July, 1895. The writ was issued September 24, 1901.

The defendant pleaded the statute of limitations, to which the plaintiff replied that the testatrix died July 6, 1900, less than six years after the cause of action accrued ; that the defendant first published notice of his appointment as executor August 17, 1900 ; that the plaintiff presented his claim to the executor January 31, 1901, less than six months after the publication of said notice ; and that he received no notice of the disallowance of his claim from the executor.

To this replication the defendant demurs, relying upon Gen. Laws cap. 234, § 8, which provides that if a person for or against whom a surviving action shall accrue shall die before the time limited for bringing the same, or within sixty days thereafter, such action may be commenced by or against the executor or administrator at any time within one year after the decease of the person so dying, ''and not afterwards, if barred by the provisions of this chapter.''

(1)　This provision first appeared in our law in January, 1841, and it has since continued without change, except that originally the one year began to run from the grant of letters testamentary, or of administration, which time was changed in the judiciary act to the death of the person, as it is now. During all this time the construction of this section has not been called in question except in one reported case. There must, therefore, have been a very general acceptance of its meaning. It embraces all claims against the estate which should become due before the death of the debtor, or within sixty days after the death ; but, by the concluding clause, it applies only to those actions which may become barred by the statute within the year allowed, because the clause prohibits the bringing of an action after the year if it would then be barred by the statute of limitations. It is, therefore, a provision, in the nature of an exception to the general law, to give further time to a creditor when, by reason of the death of a debtor and the lack of an administrator, he might lose his right of action by the running of the statute.

The single case in which the statute has been before the

court was *Mowry* v. *Harris*, 18 R. I. 519, where the question was whether the year began to run from the issuing of letters by the Probate Court to an administrator who was removed on appeal, or from the qualification of the second administrator appointed in place of the one removed.

The action was brought by the second administrator, after both the six years and the year after the first grant of administration had expired. The court held that the effect of the statute was to suspend the operation of the general statute of limitations until the qualification of an administrator, and that the year began to run, as the statute then was, from the grant of letters to the first administrator, because, pending the appeal, he had as full authority to collect debts due to the estate as if no appeal had been taken. Pub. Stat. cap. 181, § 7 ; Gen. Laws cap. 210, § 16.

The defendant's demurrer to the plaintiff's replication to a plea of the statute of limitations, in which the plaintiff set up the removal of the first and the appointment of the second administrator, was therefore sustained. In other words, it was held that, the year having expired after there was an administrator qualified to sue, and the six years having also expired, the action was barred.

Under the present statute the year begins to run with the death of the debtor. If no administration is taken out, a creditor is thus given time to apply for it ; but his time cannot go beyond the year if his claim would then be barred by the general statute.

The section in question is, therefore, a special provision for suits liable to become outlawed for the reasons we have stated, and it is thus not only an exception to the general statute of limitations, but also, by express reference in Gen. Laws cap. 218, § 8, which prohibits the bringing of an action against an executor or administrator within six months from the date of the first notice of his appointment, it is made an exception to this last section.

The plaintiff seeks to avoid the application of Gen. Laws cap. 234, § 8, by setting up that he has complied with Gen. Laws cap. 215, §§ 2, 3, and 4.

Assuming this to be so, the claim is unavailing. In *Cornell v. Clark*, 17 R. I. 27, it was held that a provision allowing a creditor to bring his action within sixty days after the report of commissioners rejecting his claim was an exception to the general law that no action should be brought against an executor or administrator within one year after administration granted.

So in *Knowles v. Whaley*, 15 R. I. 97, and *Sayles v. Bates*, 15 R. I. 342, it was held that the special statute of limitations in decedents' estates superseded the general statute.

For the same reason a special statute enlarging the time for bringing suit supersedes the general provisions.

The special statute, Gen. Laws cap. 233, § 8, must therefore prevail, and the replication is no answer to the plea of the limitation under that section.

Demurrer to plaintiff's replication to defendant's second plea is sustained.

*F. P. Owen*, for plaintiff.

*A. S. Johnson*, for defendant.